JOSEPH O. DROUIN *v.* HENRY E. WILSON.

October Term, 1905.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 5, 1907.

*Covenant Broken—Pleading—Non Fregit Conventionem—Bad but Aided After Verdict—Burden of Proof—Plea of Full Performance—Evidence — Cross-Examination — Experts — Landlord and Tenant—Lease—"Ordinary Wear and Tear" Defined—Broken Plate Glass Window—Tenant's Liability— Exceptions to Charge—Too General.*

A plea of full performance to a declaration in covenant admits all matters well alleged and casts on defendant the burden of proving performance.

In an action for breach of the covenant in a lease requiring the lessee to surrender the premises in as good condition as they

were when taken, "ordinary wear and damage by fire or providential causes alone excepted," the breach assigned being the failure to replace a broken plate glass window, the plea, that defendant did surrender the premises in as good condition as they were when taken, ordinary wear and damage by fire or providential causes excepted, and that the plate glass window was broken by ordinary wear and damage by fire or providential causes, and not by any act or omission on defendant's part, is a plea of *non fregit conventionem,* and not a plea of full performance.

Though in an action of covenant, the plea *non fregit conventionem* is bad on demurrer, as it opposes a negative to a negative, yet it is not an immaterial plea, and so is sufficient to sustain a verdict.

In an action of covenant, the burden of proof on the issue made by the plea *non fregit conventionem,* which amounts to a traverse of such an essential allegation of the declaration that without it the covenant would not have been correctly stated, is on plaintiff.

Where the bill of exceptions states that defendant's plea is full performance, but an inspection of the plea itself shows it to be *non fregit conventionem,* this will be taken to have been pleaded and not that.

The phrase, "ordinary wear and tear," in the usual clause in a lease requiring the lessee to surrender the premises in as good condition as when taken, "ordinary wear and tear excepted" covers not only the gradual deterioration due to use, lapse of time, and the operation of the elements, but also a substantial injury suddenly sustained as the result of a structural defect.

The age, class, and general condition of the leased property when taken are to be considered in determining the liability of the tenant under his covenants.

Under his covenant to surrender the leased premises at the termination of the lease in the same condition as when taken, "ordinary wear and tear excepted," a lessee is not liable for injury to a large plate glass window sustained in the proper use of the leased building, and due to an insufficient foundation, or to an improperly constructed window-frame, there being no general covenant to repair.

In an action of covenant to recover for a broken plate glass window, under defendant's covenant in a lease to surrender the premises

in as good condition as they were when taken, "ordinary wear and tear excepted," where plaintiff testified that defendant had never said anything about paying for the window, and that the building had not heaved or settled, it was proper to allow plaintiff to be cross-examined as to defendant's offer if plaintiff would repair the window at once, as to an inability to bring the top of the door within the casing, and to defendant's repairs in that respect.

It was not error to allow a carpenter of thirty years' standing, who was somewhat experienced in setting and repairing plate glass, to give his opinion as to the cause of a break in a plate glass window.

An exception to the court's failure to comply with nine requests to charge, but without further designation of such claimed failure, is too general to be considered.

COVENANT. Pleas, *non est factum,* with notice, and *non fregit conventionem.* Trial by jury at the December Term, 1904, Caledonia County, *Tyler,* J., presiding. Verdict and judgment for the defendant. The exceptions merely state that the pleas were full performance and *non est factum* with notice, but do not refer to the pleas, nor make them a part of the exceptions.

The plaintiff excepted. Plaintiff having testified in direct examination, that the building had not heaved or settled, and that defendant never offered to repair the plate glass window, plaintiff, subject to his objection and exception, was allowed to be cross-examined as follows:

"Q.   In that connection, did Mr. Wilson offer, if you would fix it up, so they could use it, and have the benefit of it during the lease, they would do something about it?

A.   No, sir.

Q.   Is that what you say now?

A.   Yes, sir.

Q.   And did Mr. Wilson have counsel there to look it over?

A.   Yes, sir.

Q.   But you did not learn anything of any proposition to fix it up?

22

A.   Well, he requested me to fix it up, but I didn't.   I did not want to.   I didn't think I had any business with it.

Q.   Had you been called upon to make repairs about that door, that shut right up to the casing of that glass, by Mr. Wilson?

A.   I think so, yes, I believe that he was finding——

Q.   Did you know that he had repairs made there?

A.   I believe that he did.

Q.   Don't you know that the trouble with that door was that he could not lock it, on account of its being so sprung up or down that the bolt of the lock would not enter the aperture in the casing?

Q.   Do you know that that door, at the time of this accident, closed tight against the casing at the top, or substantially tight, and that it was sprung off so that the lock would not catch at all, when you got down to there, and sprung off clear through at the bottom?

A.   I do not remember of that acting in that way.

Q.   Do you know of anything that Mr. Wilson did, in the way of improperly heating or improperly caring for the store, that caused it to throw that door out of place?

A.   I do not know anything about it.   That or the door, anything more than I did the—as I have already explained, I know that they changed that door.

Q.   Now then, Mr. Drouin, if that door did spring, the door which came against the same casing, which made the right-hand casing for this square of glass, if it did spring and twist and warp out of shape, is Mr. Wilson to blame for it, so far as you know?

A.   I do not know—that door is right there to-day just the same.   The same door is there.''

*Marshall Montgomery* for the plaintiff.

To excuse the performance of an express covenant, it must be shown, either that it is a covenant prohibited by law, or that the performance of the covenant has become impossible by the intervention of causes which human agency could not prevent, or that the performance of the covenant has been prevented by the act of the covenantor himself.   2 Enc. L. & Prac. 1102;

*Beebe* v. *Johnson,* 19 Wend. 500, 32 Am. Dec. 518; *Polack* v. *Pioche,* 35 Cal. 416; *Ross* v. *Overton,* 2 Am. Dec. 552. Performance is not excused by inevitable accident or other contingency, though not foreseen by, nor within the control of the parties. *Cobb* v. *Harmon,* 23 N. Y. 148; *Harmony* v. *Bingham,* 12 N. Y. 99, 62 Am. Dec. 142.

The common law has always thrown the burden of repairs on the tenant. He was regarded in fact as a bailee of the premises, and bound to restore them substantially as he received them. 1 Taylor's L. & T., §§327, 343 and note, and 347; *Foster* v. *Botts,* 6 Mass. 63.

Under the lease, it was not the duty of plaintiff to make any repairs, but defendant was bound to keep the building in repair. *Gulliver* v. *Foster,* 64 Conn. 566; *Gallagher* v. *Britton,* 73 Conn. 172; *Abbott* v. *Jackson,* 84 Me. 449; *Foster* v. *Peyser,* 9 Cush. 242; *Prager* v. *Bancroft,* 112 Mass. 76; *McKean* v. *Cutler,* 156 Mass. 296; *Booth* v. *Mirriam,* 155 Mass. 527; *McLean* v. *Fiske,* 158 Mass. 472; *Birter* v. *Flagg,* 161 Mass. 504; *Elliott* v. *Aiken,* 45 N. H. 88; *Wilcox* v. *Cate et al.,* 65 Vt. 478; *Brown* v. *Burrington,* 36 Vt. 40; *Phillips* v. *Stevens,* 16 Mass. 238; *Holbrook* v. *Chamberlain,* 116 Mass. 155; *Ball* v. *Wyeth,* 8 Allen 275; *Libby* v. *Talford,* 48 Me. 316, 77 Am. Dec. 229; *Mumford* v. *Brown,* 6 Cowen 475; *Lockrow* v. *Horgan,* 58 N. Y. 635.

In covenant, where defendant pleads full performance, the burden of proof is on him. 2 Greenl. Ev. (4th Ed.) §247; *Scott* v. *Hull,* 8 Conn. 296; 1 Arch. Nisi Prius 439; *Monroe* v. *Smith,* 3 Doug. 279; 2 Taylor's L. & T., §684; 1 Greenl. Ev., §74.

*Dunnett & Slack* for the defendant.

The question of a witness's competency as an expert, is for the trial court and is not reversible if there is any evidence upon which to base an affirmative finding. *Watriss* v. *Trendall,* 74 Vt. 54; *McGovern* v. *Hays & Smith,* 75 Vt. 104; *Baker & Sons* v. *Sherman,* 71 Vt. 439.

If the injury to the window is a result of the imperfect construction of the building—from its being so constructed that it would settle and heave—or any other imperfection in the material or workmanship, then this injury is the "ordinary

wear'' incident to such imperfection. *Machen* v. *Hooper,* 21 Atl. 67 (Md.); *Hess* v. *Newcomber,* 7 Md. 325; *Howeth* v. *Anderson,* 78 Am. Dec. 538; *Warren* v. *Wagner,* 51 Am. Rep. 446; *Miller* v. *Morris,* 40 Am. Rep. 814; *Levy* v. *Dyess,* 51 Mass. 501; *Ball* v. *Wyeth,* 8 Allen 275; Woods' Landlord and Tenant, 2nd Ed., §373.

MUNSON, J. The defendant occupied the plaintiff's building under a lease which required him to surrender the premises in as good condition as they were in when taken, "ordinary wear and damage by fire or providential causes alone excepted.'' The suit is upon the covenants of this lease, and several breaches are assigned, of which the second, the only one now in contention, is the failure to replace a broken plate glass window.

The declaration alleges that the defendant did not surrender the premises at the expiration of the lease in as good condition as they were in when taken, ordinary wear and damage by fire or providential causes excepted; but on the contrary surrendered the premises badly out of repair, and with one large light of plate glass in the front side of the store utterly broken and of no value; and that the said plate glass window was not injured or destroyed by ordinary wear, or damaged by fire, or by providential causes; and so avers that the defendant hath broken his covenant.

To this the defendant pleads that he did surrender the premises at the expiration of the lease in as good condition as they were in when taken, ordinary wear and damage by fire or providential causes excepted; and further pleads as to the one large light of plate glass, mentioned specifically under the breach secondly assigned, that the said light of plate glass was broken by ordinary wear and damage by fire or by providential causes, and that said breakage was not caused by any act or omission on his part.

The defendant also pleaded *non est factum,* with notice that he would show that when the premises were surrendered they were in as good condition as when taken, ordinary wear and damage by fire or providential causes excepted; and that said premises were not then out of repair in any respect except that one large light of plate glass in the front side of the store was broken; and that said glass was broken without any action or

want of action on his part, but cracked in the course of the ordinary wear and use of the building, and that said crack and breakage were occasioned by the heaving and moving of the building by frost, and by the heaving and moving of the building in the ordinary wear and use of it in connection with fire kept therein in the winter time for the purpose of warming the store in the usual course of occupancy.

The court charged that the burden of proof was on the plaintiff; and the plaintiff excepted to this, saying that after he had shown the terms of the lease and the injury, the burden was on the defendant to show that the injury resulted from one of the excepted causes.

The exceptions say that the defendant pleaded full performance of his covenant, and the plea regarding the broken window has been treated in argument as a plea of performance. If this is the nature of the plea, the burden of proving it was on the defendant. A plea of performance admits all matters that are well alleged, and assumes the burden of proving performance. 1 Chit. Pl. 487, 487a, and note's; 5 Ency. Pl. & Pr. 378; Taylor L. & T. 684; *Scott* v. *Hull,* 8 Conn. 296; *Barnett* v. *Crutcher,* 3 Bibb. 202; *Harrison* v. *Park,* 1 J. J. Marsh. 170; *Marston* v. *Hobbs,* 2 Mass. 433; *Jones* v. *Johnson,* 10 Humph. 184.

But the pleas are before us, and we think the plea in question is a plea that the defendant has not broken his covenant—*non infregit conventionem.* It admits the fact set up as a breach, i. e. the leaving of a broken window unrepaired, but says that that did not constitute a breach because within one of the excepted clauses.

The plea *non infregit conventionem* is not a proper plea, because it pleads a negative to a negative, and two negatives do not make a good issue. But although an informal plea, it is not an immaterial one, and so is sufficient to sustain a verdict. It is held bad on demurrer, but good on motion in arrest. *Walsingham* v. *Comb,* 1 Lev. 183; 1 Sid. 289; 2 Keb. 51; *Pitt* v. *Russell,* 3 Lev. 19; *Boone* v. *Eyre,* 2 W. Bl. 1312; *Hodgson* v. *The East India Co.,* 8 T. R. 278; *Taylor* v. *Needham,* 2 Taun. 279; *Bender* v. *Fromberger,* 4 Dall. 436; *Roosevelt* v. *Heirs of Fulton,* 7 Cow. 71.

The question is, upon whom does the burden rest under this plea? The plea is in effect a traverse of the allegation that

the breaking was not due to any of the excepted causes, and alleges the facts relied upon to bring it within one of those causes. The allegation of the declaration thus traversed was an essential one, for without it the covenant would not have been correctly stated. The plea being in substance a traverse, the burden of proving the issue was on the plaintiff, and the charge in this respect was correct.

The plaintiff excepted to the charge that the defendant would not be liable if the breakage was due to the settling of the building, or to its imperfect construction. The charge on the last point was, in substance, that if the breaking of the glass was due to an improperly constructed frame, the defendant would not be liable, unless his attention had been called to the faulty construction, and unless he ought, in the exercise of ordinary care, to have remedied the defect.

The plate glass in question was six feet wide and twelve feet high, and was a part of the front of the store as originally constructed. It formed one side of a recess which led to the door, and the frames of the window and door were evidently connected and supported at the angle in the usual manner. The defendant claimed, in part, that there was a defect in the construction of the window frame which, in the proper and ordinary use of the building, subjected the glass to a strain that caused it to break.

·The defendant was to return the premises in as good condition as they were in when taken, "ordinary wear * * excepted," and the scope of the phrase "ordinary wear" is involved in our inquiry. The plaintiff claims that broken windows are not within the fair meaning of the term, nor recognized as such by the cases. But the defendant contends that when the breakage is due to a defect in the construction of the building it is a part of the ordinary wear of such a building.

Among the plaintiff's citations are many cases which affirm that the principle of *caveat emptor* is applicable to contracts for the occupancy of tenements, and that the tenant takes the premises for better or for worse. But this is said in holding that there is no implied obligation on the part of the landlord to make repairs, and not as affording a guide to the construction of express provisions determining the duty of the tenant in that respect. It is not to be assumed that the tenant's

obligation is enlarged by the absence of any undertaking on the part of the landlord. There may be occasion for repairs which neither party can require the other to make. See *Brown* v. *Burrington,* 36 Vt. 40.

The term here is "ordinary wear," while the term used in certain cases to be referred to is "ordinary wear and tear"; but we doubt if any distinction need be made between the two expressions. An exception in either form will doubtless apply more naturally to the gradual deterioration which results from use, lapse of time, and the operation of the elements. But it has been held, and seems to be an accepted doctrine, that the words "ordinary wear and tear" will cover a specific and substantial injury suddenly sustained as the result of a structural defect. Taylor L. & T. 9 Ed., §360; 1 Wash. Real Prop. 2 Ed. 356; *Hess* v. *Newcomber,* 7 Md. 325; *Machen* v. *Hooper,* 73 Md. 342, 21 Atl. 67. The injury in the cases cited was the falling of a building because of an inherent defect. It was considered inconsistent to hold that a tenant not responsible for ordinary wear and tear was bound to replace a building that fell because of imperfect construction.

It is well settled that the age, class and general condition of the property when taken are to be considered in determining the liability of the tenant under his covenants. *Foss* v. *Stanton,* 76 Vt. 365; *Gutteridge* v. *Munyard,* 7 Car. & P. 129; 9 Eng. Rul. Cas. 474; *Lister* v. *Lane,* 2 Q. B. 212; 9 Eng. Rul. Cas. 478. In the case last cited the lessees of an ancient building covenanted to repair and maintain the premises as often as occasion should require. Before the expiration of the term one wall of the house bulged out, but nothing was done by way of repair. It was afterwards discovered that the foundation of the house was a wooden platform resting on a bed of mud, and that the bulging of the wall was caused by the rotting of the platform. It was held that inasmuch as the defect was caused by the natural operation of time and the elements upon a house the original construction of which was faulty, the defendants were not liable to make it good. In giving judgment it was said: "However large the words of the covenant may be, a covenant to repair a house is not a covenant to give a different thing from that which the tenant took when he entered into the covenant."

In this case there is no general covenant to repair, and the covenant to surrender the premises in as good condition as they were in when taken is limited by the exception of ordinary wear. If this exception is considered too narrow to cover injuries resulting from structural defects, the principal clause, if not itself restricted by construction, will be given an effect altogether beyond its terms. The injuries might be such that they could not be repaired without rebuilding the structure or a substantial part of it. A construction of the covenant that would produce this result would be an unnatural construction of the provision as a whole. We think the injury to this plate glass, sustained in the proper use of the building, whether due to an insufficient foundation or to an improperly constructed frame, is not an injury for which the defendant is liable under his covenant, and that the plaintiff cannot complain of the charge given.

The defendant submitted nine requests to charge, and excepted to the failure to comply with the requests that were not complied with, but without designating any that he claimed were not complied with. This exception is too general to require consideration. *Luce* v. *Hassam,* 76 Vt. 450.

Defendant was permitted to ask the plaintiff in cross-examination a series of questions, part of which related to an offer of what defendant would do if plaintiff would repair the window at once, and part, to an inability to bring the top of the door within the casing and to the defendant's repairs in that respect. Both parts were permissible cross-examination of the plaintiff on statements made in his direct; the first on his statement that the defendant had never said anything about paying for the window; the second, on his statement that the building had not heaved or settled.

Dow, a witness for the defendant, who had discovered that the frame of the window was not square, was permitted to give his opinion as to the cause of the break. The witness was a carpenter of thirty years' standing, who had had some experience in setting and repairing plate glass, and it was not error to treat him as an expert.

*Judgment affirmed.*