MASSACHUSETTS HOME MISSIONARY SOCIETY & another
*vs.* DOMENICA SIRIANNI & another.

Suffolk.    January 19, 1925. — May 21, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Landlord and Tenant*, Waste, Extension of lease. *Equity Jurisdiction*, Specific performance.

A finding that a lessee of a sixty year old brick building had committed waste within the terms of the lease was not as a matter of law required, either by the fact that he had failed to replace an iron fence around a small unoccupied area in front of the building which had become out of condition by reason of the acts of children and from which no injury had resulted to the remainder of the premises, or by the fact of the existence of a slight defect in a brick wall.

It is no defence to a bill in equity, filed before the expiration of the term of a lease of real estate and seeking to enforce a covenant in the lease, "Lessee to have the privilege of extending this lease for a term not exceeding five years," that the plaintiff has failed to comply with the covenant "to quit and deliver up the premises . . . at the end of the term, in as good order and condition, reasonable use and wearing thereof . . . excepted, as the same now are, or may be put into," the time not having arrived for performance of that covenant by the lessee.

BILL IN EQUITY, filed in the Superior Court on January 2, 1924, against the lessor in a lease to the plaintiffs of premises in that part of Boston called East Boston, and one to whom, without consideration, he had conveyed the legal title to the premises in trust, to enforce a provision in the lease, "Lessee to have the privilege of extending this lease for a term not exceeding five years."

In the Superior Court, the suit was heard by *O'Connell*, J. The judge found as follows: "I find that the house described

in said lease is a brick building of twenty-four steam heated and electrically lighted rooms at least sixty years old and that the entire property, including land and buildings, is assessed for $6,900; that there is a small unoccupied area in front of said building between it and the street line and that a portion of said area was at the execution of said indenture surrounded by an iron fence, in fairly good condition except that a few iron pickets were missing. I find that the plaintiff suffered said fence to get into such condition as a result of children playing about it and interfering with it that it either fell or was torn down by children who visited said House of Good Will [a sublessee] about a year before the request was made for an extension of the term of said indenture. I find that no injury has resulted to the remainder of the premises from the destruction and removal of said fence."

Other material facts are described in the opinion. By order of the judge, a final decree was entered granting the relief sought. The defendants appealed.

*H. E. Perkins,* (*G. A. McLaughlin* with him,) for the defendants.

*R. S. Wilkins,* (*J. V. Spalding* with him,) for the plaintiffs.

WAIT, J. The plaintiff is entitled to a decree. No objection to the form of the decree ordered by the Superior Court 'has been made or argued by the defendants. They contend that the plaintiff is not entitled to the extension of the lease of November 29, 1919, which it demands, on the ground that there has been waste of the premises, and a failure to comply with the covenant "to quit and deliver up the premises . . . at the end of the term in as good order and condition, reasonable use and wearing thereof . . . excepted, as the same now are, or may be put into . . . ."

There has been no waste. The failure to replace an iron fence removed apparently because of defective condition due to ordinary wear and tear, does not require as matter of law a finding that waste has been committed; nor does a slight defect in a brick wall. *Delano* v. *Smith,* 206 Mass. 365.

The lease contained a right to an extension which the tenant seeks to assert. The term of the lease has not ex-

pired. *Stone* v. *St. Louis Stamping Co.* 155 Mass. 267. See *DeFriest* v. *Bradley,* 192 Mass. 346, 351. The time has not yet come at which the lessor can insist upon performance of the covenant to put the premises in like good order and repair as at the date of the lease. *Atkins* v. *Chilson,* 9 Met. 52, 63.

The breaches urged are too trivial to require action by a court of equity to defeat the claim of the plaintiff.

*Decree affirmed.*