BENJAMIN J. KAPLAN & another *vs.* MARY E. FLYNN & another.

Essex.    January 21, 1926. — February 26, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* To restrain forfeiture of lease. *Landlord and Tenant,* Covenant as to repairs.

Findings by a master, to whom was referred a suit in equity to enjoin a forfeiture of a lease of a motion picture theatre, in which the lessee had

covenanted to keep the premises in such repair "as the same are at the commencement of said term," were that the original term of the lease was ten years; that there was a provision for a renewal for five additional years upon the giving of at least one year's notice in writing by the lessee; that the theatre was new at the beginning of the occupancy; that the wear and tear were severe; that, after the theatre had been occupied for eight and one half years, the plaintiff had been granted a renewal and at that time advance rent for seventeen weeks of the renewal period, which began a year and six months later, had been accepted by the defendant, who, although he knew of the condition of the premises, had made no complaint; that two months later, without complaint having been made to the plaintiff, the defendant entered to take possession on the ground of the breach of the covenant as to repairs; that at that time there was need of painting and lack of repair as to structural conditions in only minor matters. *Held*, that forfeiture should be enjoined since the defendant should not be permitted to take advantage of the alleged defects, at least without previously giving to the lessee notice and a reasonable opportunity to make the necessary repairs.

Equity relieves against a forfeiture of a lease when no real fault has been committed by the lessee or the alleged breach was induced or was waived by conduct of the lessor, and also when, a breach of some collateral covenant, such as a covenant relating to repairs or to insurance, having occurred through accident or mistake, the lessor, by an award of damages or otherwise, may be placed in the same position as if the breach had not occurred. Per CARROLL, J.

BILL IN EQUITY, filed in the Superior Court on May 19, 1924, to enjoin the forfeiture of a lease of a moving picture theatre.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. The suit was heard on the master's report by *Morton*, J., by whose order a final decree was entered granting the relief sought. The defendants appealed.

*B. Levin*, for the defendants.

*J. J. Kaplan*, (*B. A. Trustman* with him,) for the plaintiffs.

CARROLL, J. This suit was brought by Kaplan, the original lessee, and the Haverhill Strand Theatre, Inc., the assignee of the lease, against the defendant lessors to restrain an attempted forfeiture of the lease of a motion picture theatre in Haverhill. No exceptions were taken to the master's report. In the Superior Court a final decree was entered, granting the relief prayed for.

The lease was executed May 14, 1915, for a period of ten years from September 4, 1915, with an option of renewal for

five years additional, provided the lessee gave notice one year at least before the termination of the lease. The option was exercised in March, 1924, and the lease was extended until September 4, 1930. The lessee covenanted to keep the premises in such repair "as the same are in at the commencement of said term, or may be put in by the lessors . . . reasonable use and wear . . . only excepted," and to "yield up unto the said lessors," the premises "in good tenantable repair in all respects reasonable wearing and use thereof . . . excepted."

At the time of the hearing the master had two extended views of the premises. The theatre had then been in operation eight and one half years, in daily use by an average of fifteen hundred patrons every day in the year, including Sundays. The master found that the theatre as a whole was of cheap construction; that "the wear and tear on theatres is severe"; that "Taking the theatre as a whole the want of repair, if it legally constitutes a want of repair, consists chiefly in a general need of painting"; that with few exceptions this matter of painting is one of appearance or ornament; that the inside of the theatre requires painting principally because of leaks in the roof and ordinary wear and tear. The outside is in need of paint chiefly because of weather conditions. In particular places, such as toilets and walls near ends of seats, the want of painting is due to use and wear. If the need of paint, the master finds, considered solely from the point of view of decoration and appearance, constitutes a lack of repair within the meaning of the covenants, then the premises were not on May 15, 1924, in the same repair as they were at the commencement of the term, reasonable use and wear excepted. If, however, lack of repair refers to structural conditions, then said lack of repair relates to minor matters, or was due to construction defects, or reasonable use and wear, and there was no substantial breach of the contract. The condition of the roof may have contributed to the staining of the paint, but it was found that the roof had been repaired and appeared to be in good condition at the time of the hearing. The report gives in detail the various causes of complaint of lack of repair,

but they may be summarized as above stated. The report shows that the lack of repair consists in the main of a want of paint.

It was found that the value of the plaintiff's leasehold interest was $100,000; and it was further found that the defendants' manager "knew enough to call to . . . [the defendants' attention] the fact that the theatre was not being maintained up to the standard which . . . he contends should have been maintained," and at no time prior to the proceedings to forfeit the lease, had the defendants' manager ever complained to the plaintiff that the theatre was not kept in proper repair.

Although the building was new at the beginning of the lease, it was of cheap construction and the lessee, under the covenants in the lease, was not liable for defects arising from the original construction of the building. Conditions must be taken into account and the character of the construction must be considered. *Hess* v. *Newcomer*, 7 Md. 325. *Drouin* v. *Wilson*, 80 Vt. 335. *Lister* v. *Lane & Nesham*, [1893] 2 Q. B. 212. The covenant in question must also be considered with reference to the use the premises were to be put to and the business to be carried on. It was a lease of a moving picture theatre, "the use and wear" of which "is severe," and this is "a recognized fact," according to the finding of the master. See *Massachusetts Home Missionary Society* v. *Sirianni*, 252 Mass. 352. Forfeiture will not be declared because of a want of repair which is not substantial, or is of a trifling character. *Massachusetts Home Missionary Society* v. *Sirianni, supra. Lundin* v. *Schoeffel*, 167 Mass. 465. *Proudfoot* v. *Hart*, 25 Q. B. D. 42.

The question before us is not the right of the lessor to recover damages for a covenant broken. The only question is the right in equity to have the defendants restrained from proceeding to forfeit the lease. In March, 1924, the defendants acknowledged that the lessee had exercised the option of renewal, and the lease was extended to September 4, 1930. The instrument of extension acknowledged the receipt of $3,400 advance rent for seventeen weeks of the renewal period, beginning the first Monday of September, 1925,

until and including December 28, 1925. The defendants at this time knew of the condition of the theatre and no complaint was then made and there was no evidence that during the interval from March, 1924, until May 15, 1924, when the lessors notified the lessee it had that day entered upon the premises and taken possession, that there was any substantial change in the condition of the theatre.

Under these circumstances the lessor cannot take advantage of the alleged defects, at least without prior notice to the lessee, giving him a reasonable opportunity to make the necessary repairs. As there was an extension of a valuable leasehold, advance rent being accepted and no complaint made of the condition of the property, or want of repair, justice requires that before the plaintiff is deprived of his property, he should be notified of the defects relied on. Equity relieves against a forfeiture where no real fault is committed, or the breach is induced or waived by conduct, as well as when by accident or mistake there has been a breach of some collateral covenant, such as to repair or insure, and where the lessor may be placed in the same position as if the breach did not occur, by an award of damages or otherwise. *Lundin* v. *Schoeffel, supra.* *Mactier* v. *Osborn,* 146 Mass. 399. See *Lilley* v. *Fifty Associates,* 101 Mass. 432; *Smith* v. *Wenz,* 185 Mass. 229.

The facts are wholly different from those in *Finkovitch* v. *Cline,* 236 Mass. 196, where the acts of the lessee were wilful, against the protest of the landlord and dictated by motives which are not commended by a court of equity. We have examined the decisions relied on by the defendant; in so far as they are contrary to the equitable principles which apply in the case at bar, we must decline to follow them. We express no opinion on the landlord's right to recover damages. We decide that, upon the facts shown, it would be unjust to permit the lessor to forfeit the lease.

*Decree affirmed.*