Rowe, J.
This is an action of contract or tort in which the landlord plaintiffs seek to recover from the defendant tenant at will for damages done to a chandelier in the nature of claimed voluntary waste. The trial judge made an order for judgment for defendant “unless * * Evidently he intended to make a finding for the defendant and we consider the case on that basis. The plaintiffs’ claims include a contention that they are aggrieved by reason of the denial of their second and third requests for rulings, which read as follows:
“2. The evidence warrants a finding that the defendant, or the members of his family occupying said premises under his tenancy at will had committed a voluntary waste of the premises for which the defendant is liable in this action. 3. The act or acts causing the damage complained of were positive, unreasonable and avoidable, and as such constitute a voluntary waste as matter of law.”
There was evidence tending to show the following facts relative to the acts claimed to constitute voluntary waste: *265 that the chandelier was in the living room, suspended from the ceiling, that the “drop” on the bottom of it was at least six feet and one inch from the floor and was attached in a manner as is more fully described in the report, that the defendant’s son (6' 2" tall) struck his head on the drop, dislodging it and that the defendant’s daughter had mounted a ladder and had cleaned the fixture by wiping it off, that after she had descended and removed the ladder into the kitchen she heard a crash and discovered that the lower portion of the fixture, including the drop was damaged. The defendant testified that when his son struck his head on the drop and the drop fell he noticed that it had been attached to the fixture by some adhesive substance and therefore he re-attached it to the fixture with plaster of paris.
The trial judge made some special findings among which he stated that the damage did not result apparently from ordinary wear and tear, that just what caused the lower part of the fixture to fall was left to conjecture and inference, and that on the other hand the structure of the chandelier did not permit it to fall apart without the intervention of some act or force. He then added the following somewhat involved statement: “Judgment is to be entered for the defendant unless upon the facts the commission of . voluntary waste can be predicated upon an inference drawn from a result which in itself infers negligence, and I therefore hereby report the matter to the Appellate Division for determination.”
In our opinion the evidence presented a question of fact on the matter of liability for waste. The trial judge could have drawn inferences from which negligence could have been found.
The defendant has argued that there is no liability for waste for negligent acts not amounting to recklessness. We *266 cannot so agree. The owners of the reversion are entitled to have their property revert to them “undeteriorated by any wilful or negligent act.” Delano v. Smith, 206 Mass. 365, 370.
There was error in the denial of plaintiff’s second request for ruling.
But if the trial judge made a finding for the defendant, independent of the erroneous ruling, there would be no prejudicial error. “A requested ruling that the evidence warrants a particular finding, though correct on the evidence, is rendered immaterial by a special finding or special findings contrary to that finding, permissible on the evidence, if it is made clear that such special finding or findings were made by the judge on a consideration of the evidence and were not due to the erroneous view of the law that the evidence was insufficient to warrant the finding referred to in the requested ruling. The important thing is that this court shall be able to determine upon which theory the trial judge acted: on the theory that the evidence was insufficient to warrant the finding referred to in the requested ruling, or on the theory that the judge upon a consideration of the evidence found facts contrary to the finding so referred to irrespective of the sufficiency or insufficiency to warrant that finding. If the judge acted on the latter theory, a ruling upon the sufficiency of the evidence was not material.” Cournoyer v. Holyoke, 314 Mass. 604, 605.
In the application of this rule there will be found cases where it has been held that the error has been cured by the findings and other cases where it has been held that the error has not been cured, dependent upon the particular facts of each case.
In the case at bar we are of the opinion that the record does not show that there have been “clear and definite” findings which demonstrate that the ruling became immate *267 rial in the court’s consideration of the sufficiency of the evidence. Hence the error in the denial of the plaintiffs’ second request for ruling was prejudicial. Home Savings Bank v. Savrensky, 307 Mass. 601, 603.
There was no error in the denial of the plaintiffs’ third request for ruling. Whether waste has been committed in the instant case is a question of fact. Mass. Home Missionary Society v. Sirianni, 252 Mass. 352.
There having been prejudicial error in the denial of the plaintiffs’ second request for ruling, there should be a new trial. So Ordered.