Lopez, J.
A dispute over which party is responsible to replace a failed boiler gives rise to this action. Cross motions for summary judgment have been filed. Plaintiff also seeks declaratory relief. For the reasons set forth below, defendant’s motion is ALLOWED.
DISCUSSION
The defendant, Town of Arlington (“lessee”), leased a building located at 12 Prescott Street in Arlington MA, from the plaintiff, Columbus Club Inc. (“lessor”), in 1983 for five years. An addendum agreement, signed on Nov. 16, 1989, extended the lease until July 31, 1993. On Nov. 1, 1991 the building’s boiler stopped working. It was at least ten years old. The plaintiff had a new boiler installed.
The sole issue before this court is: According to the lease, which party is obligated to pay for the new boiler? This court finds that it is the lessor. The lease states in pertinent part: “The tenant shall at its own expense during the term of this lease make all necessary repairs to the exterior and interior of the Demised Premises so as to keep the Demised Premises in the same condition in which they are now or may hereafter be put, reasonable wear and use . . . excepted." (Emphasis added.)
The exemption of “wear and use” refers to changes in the property “where no real fault is committed” by the lessee. Kaplan et al v. Flynn, 255 Mass. 127, 131 (1926). See also, United Shoe Machinery Co. v. Gale Shoe Company, 314 Mass. 142 (1948).
Nothing other than “reasonable wear and use” is alleged to have caused the ten-year-old boiler to fail. The boiler’s failure can only be attributed to ten years of wear and use. Thus, it is within the exemption, and relieves the defendant from any responsibility to repair it.
Plaintiff argues that the lease places the burden of repairs onto the tenant where the tenant must meet State safety codes before sub-letting the premises to a third party. The Town of Arlington uses the property as a “youth center.” This argument is without merit. Plaintiff has stated that repairing the boiler would not be “economically feasible.” Paragraph 21, Agreed Statement of Facts. This is an admission that the boiler needed to be replaced and not repaired. The lease only requires the lessee to make repairs, and plaintiff did not press the defendant to repair the old boiler, but took it upon themselves to replace it.
As the boiler’s failure can be attributed to “wear and use,” the defendant has no responsibility under the lease to repair or replace the boiler.
ORDER
For the foregoing reasons, defendant’s motion for summary judgment is ALLOWED. Further, it is hereby declared that plaintiff is responsible for the costs of replacing the boiler.