Hely, J.
A. Rent
The parties are the landlord and the tenant in a commercial lease for premises containing a Dunkin Donuts shop in downtown New Bedford. By stipulation at the trial, the only rent amount presently in dispute is $4493. The defendant tenant withheld this amount as his net costs in replacing a broken sewer pipe that connected the premises to the city sewer system.
Considering the language of the lease as a whole, the court finds that the costs to replace the sewer pipe were part of the tenant’s responsibilities under Article IV, Section 1. Under this section, the tenant had the duty to at all times keep “in good order, condition and *699 repair” the demised premises “including the grounds and parking areas, the roof, the foundations and structured portions of the Demised Premises, as well as the interior, floors, walls and ceilings, doors and associated hardware, fixtures, equipment and appurtenances thereof.” The court finds on the evidence in this case that the responsibility for replacing the broken sewer pipe came within this sweeping language. A sewer connecting pipe is within the concepts of grounds, foundations, structural portions, walls, fixtures, equipment and appurtenances.
The lease also included in Article IV, Section 2, a term that the construction by the landlord shall be done in a good and workmanlike manner in accordance with all applicable laws and codes. This same section, however, limited the landlord’s liability for a breach of this warranty to one year from the date of substantial completion of the construction. The tenant’s expenses to replace the broken sewer pipe were not incurred until 1994, many years after the expiration of the one-year construction warranty. This is a commercial lease. The parties to a contract can agree to a shorter claims limitation period than contained in the statute of limitations. There is no reason why the parties’ agreed-upon one-year limit on the warranty should not be enforced.
The one-year limit on the landlord’s construction warranty also supports the conclusion that the lease was intended to include within the tenant’s responsibilities things such as the sewer connecting pipe after the one-year warranty had expired. The tenant’s argument that there is a distinction between a duty to repair a pipe and a duty to replace it finds no support in the language of this lease.
The defendant tenant owes the plaintiff landlord $4493 in rent. The defendant’s counterclaim for tax abatements was waived at the trial.
B. Possession
The tenant’s withholding of the $4493 from the additional percentage rent in 1994 violated the prohibition against set-offs in Article III, Section 3. A little history of this lease relationship, however, is relevant to whether the remedy of eviction is appropriate. Although the parties are not affectionate, this one $4493 set-off dispute is the sole substantive blemish on this tenant’s record of twenty-one and a half years of regular rent payments. While the court does not agree with the tenant’s claim for the sewer pipe reimbursement, his interpretation of the lease was advanced reasonably and in good faith and accompanied by faithful payment of all other rent obligations. The tenant did not inflate the sewer dispute or use it as an excuse for other noncompliance. “Equity relieves against a forfeiture where no real fault is committed . . .” Kaplan v. Flynn, 255 Mass. 127, 131 (1926). This principle is especially applicable where an award of damages with statutory prejudgment interest can place the lessor in as good a position as if the breach did not occur. Id. A judgment for possession for the plaintiff would be a wholly inappropriate remedy on the facts of this case.
C. Order
A monetary judgment will enter for the plaintiff in the amount of $4493 plus statutory costs and prejudgment interest from August 3, 1994. A declaratory judgment will also enter declaring that the defendant did not have a right under this lease to withhold from his additional rent payments the costs of replacing the broken sewer connecting pipe.