The plaintiff is the lessee of space in a *Page 29 
building in Willimantic, Connecticut, situated at the corner of North and Valley Streets. The building in which the leased premises are located was formerly known as The Windham Silk Company plant. The defendant is the owner of the leased premises as successor and assignee of The Windham Silk Company, the original lessor. The lease between the plaintiff and the defendant's predecessor and assignor is dated April 12, 1938, and ever since its execution on said date the plaintiff has been and now is in possession of the leased premises, maintaining therein a manufacturing establishment equipped with heavy machinery. The lease is for ten years, beginning July 1, 1938, and provides, among other things, a graduated rental scale, option to renew for a further period of five years, and an option to purchase at an agreed price. It is provided that rentals are to be paid monthly on the last day of each month and "that if the said rent shall remain unpaid 30 days after the same shall become payable .... then this lease shall terminate, and said lessor may at any time thereafter without any re-entry recover possession thereof in the manner prescribed by the statute relating to summary process...."
On August 19, 1941, the defendant instituted an action in summary process returnable on August 28, 1941, before John B. Harvey, Esquire, a Justice of the Peace, seeking to recover possession of the leased premises by reason of a claimed default in the payment of the rent for the months of February and March, 1941. Said summary process action has not been heard but is now pending. On September 19, 1941, Honorable Thomas J. Molloy, a judge of this court, granted, upon the plaintiff's application, a temporary injunction enjoining the defendant from proceeding further in the said summary process action until further order of this court. The case is now at issue on the plaintiff's claim that it be relieved of the default and forfeiture of said lease as claimed by the defendant.
The rent in the amount of $58.34 for the month of February, 1941, was due on February 28, 1941, with the privilege of 30 days additional before default; also the rent in the amount of $58.34 for the month of March, 1941, was due on March 31, 1941, with the same 30 day privilege. The defendant bases his claim for forfeiture of the lease on the failure of the plaintiff to pay the rent for these specified months when due or within 30 days thereafter. *Page 30 
On March 7, 1941, the plaintiff's treasurer and general manager, Edward A. Teplow, wrote and mailed a letter addressed to the defendant at its known address stating that the plaintiff was crediting the February rent on an account owed to it by the defendant (Plaintiff's Exhibit G), stating in the letter: "Unless I will hear from you to the contrary I shall handle the amount you owe us as I have outlined." the plaintiff received no reply to this letter. The defendant claims not to have received it. On March 10, 1941, the plaintiff drew its check to the defendant's order for the March rent, leaving the same at its own office at the leased premises in Willimantic to be called for by a representative of the defendant. This was pursuant to a custom inaugurated by the defendant at the beginning of the plaintiff's occupancy and carried on with but few variations up to this time. This check for the March rent was not called for by the defendant, and by letter dated May 15, 1941, the defendant notified the plaintiff that its lease was terminated by virtue of the plaintiff's failure to pay the rent for the months of February and March.
On May 17, 1941, the plaintiff forwarded to the defendant's attorney the said check for the March rent, and also a check for the April rent, stating that the February rent had been paid, and also stating that it was expected that the defendant would have called for these checks. Since this time rent checks have been sent by the plaintiff to the defendant's attorney each month as they came due, all of which checks have been received. Defendant has not returned any of said checks but is holding the same.
The plaintiff in good faith believed that the February rent had been fully paid by a credit to an account it considered owed to it by the defendant. This method of crediting rent against an account due had been used on a previous occasion with no objection on the part of the defendant. Relying on the usual custom of the defendant to call for the rent, the check for the March rent was left in the office to be called for. The defendant had never notified the plaintiff of its intention to abandon this custom. It does not appear that there was any wilful or intentional default on the part of the plaintiff in the payment of either the February or the March rent. That the default was intentional may not be material in the case of a default in the performance of a covenant to *Page 31 
pay rent. Thompson vs. Coe, 96 Conn. 644.
It is elementary that a court of equity, even in the absence of special circumstances of fraud, accident or mistake, may relieve against a forfeiture incurred by the breach of a covenant to pay rent on the payment or tender of all arrears of rent and interest by a defaulting lessee, since the rent is the object of the parties and the forfeiture only an incident intended to secure its payment. Thompson vs. Coe, supra;Kann vs. King, 204 U.S. 43; Sheets vs. Selden, 7 Wall. 416.
In Thompson vs. Coe, supra, p. 656, the court quoted fromMactier vs. Osborn, 146 Mass. 399, 402, as follows: "The result of the authorities, supported by sound principle, is, that where there has been a breach of a covenant to pay rent equity will relieve against a forfeiture although the breach is wilful on the part of the lessee."
"The ground on which a tenant gets relief in equity from the forfeiture of his estate for a failure to pay rent is that in equity the landlord's right of re-entry is given as security for the payment of the rent, and on the rent being paid the very thing is done for which the security was given. Although the payment in that case is made after it is due, on interest being paid compensation is made for the delay in the performance, and on compensation being made the plaintiff is entitled to relief." Thompson vs. Coe, supra, p. 655, quoting fromGordon vs. Richardson, 185 Mass. 492.
This is a long term lease with option to renew and to purchase. The lessee has established on the premises a manufacturing business, installed machinery and equipment, and has at present several thousand dollars worth of uncompleted orders in process. If the plaintiff is dispossessed at this time, it will result in serious financial loss, and a hindrance in the production of national defense contracts, upon which the plaintiff is now working. The plaintiff has offered payment of the rent demanded and it does not appear that the defendant has suffered a loss or unreasonable inconvenience from the delay or default on the part of the plaintiff. To relieve the plaintiff in this action against the forfeiture claimed for nonpayment of rent for the months of February and March, 1941, is within the settled practice of equity. To do other wise would inflict a grave hardship on the plaintiff lessee while at the same time it appears that the defendant lessor has suffered *Page 32 
no loss or unreasonable inconvenience because of the delay or default.
 The issues are found for the plaintiff and judgment may be entered for the plaintiff relieving it of default and forfeiture of said lease on account of the nonpayment of rent for the months of February and March, 1941, and for the plaintiff to recover its costs.