ALBERT L. GORDON *vs.* ALICE G. RICHARDSON.

Suffolk.   December 7, 8, 1903. — May 17, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Jurisdiction.   Landlord and Tenant.   Equity Pleading and Practice.*

A lessee of real estate, bound to pay taxes, is not entitled to relief in equity from a forfeiture of his lease for non-payment of taxes after the leased premises have been sold by the collector for such non-payment, where he does not show that his breach of condition in allowing the premises to be sold for taxes was due to an accident or mistake on his part.

On an appeal from a decree dismissing a bill in equity, where the evidence is made part of the record but there is no statement of facts found or rulings made, the decree will not be reversed on matters of fact unless clearly erroneous.

In a suit in equity seeking relief from a forfeiture at law it is not open to the plaintiff to contend that there was no forfeiture at law.

Whether a lessee, expelled from the leased premises on the ground of forfeiture, can attack the forfeiture at law and if unsuccessful can seek relief from the forfeiture in equity, or whether he must make his election of remedy in the first instance, *quære.*

BILL IN EQUITY, filed October 28, 1902, by the lessee of certain real estate numbered 31 and 33 on Winter Street in Boston, for relief from an alleged forfeiture of his lease for breach of condition in allowing the premises to be sold for taxes which he had agreed to pay, and also alleging that the defendant's entry for alleged breach of condition was not justified.

The Superior Court made a decree dismissing the bill; and the plaintiff appealed.

*C. R. Darling,* for the plaintiff.

*H. N. Shepard,* for the defendant.

LORING, J.   The ground on which a tenant gets relief in equity from the forfeiture of his estate for a failure to pay rent is that in equity the landlord's right of re-entry is given as security for the payment of the rent, and on the rent being paid the very thing is done for which the security was given. Although the payment in that case is made after it is due, on interest being paid compensation is made for the delay in performance, and on compensation being made the plaintiff is entitled to relief. *Peachy* v. *Duke of Somerset,* 1 Stra. 447.   *Hill* v. *Barclay,* 16 Ves. 402, and 18 Ves. 56.   *Reynolds* v. *Pitt,* 19 Ves. 134.

*Howard* v. *Fanshawe*, [1895] 2 Ch. 581, 589. The Massachu-
setts cases are *Atkins* v. *Chilson*, 11 Met. 112 ; *Sanborn* v. *Wood-
man*, 5 Cush. 36. See also in this connection *Stone* v. *Ellis*,
9 Cush. 95 ; *Hancock* v. *Carlton*, 6 Gray, 39, explained in *Mactier*
v. *Osborn*, 146 Mass. 399, 402.

But that does not cover the case before us. In this case the
defendant entered for breach of the covenant to pay taxes as
well as for breach of the covenant to pay rent. When he exer-
cised his right of re-entry in September, 1902, not only was the
tax for 1900 not paid, but the estate of the defendant had been
sold because of the plaintiff's failure to pay this tax as he had
covenanted to do. The defendant's estate had been sold to pay
this tax in the June preceding the September when the defend-
ant entered on the estate. The thing here in question secured
by the right of re-entry not only has not been performed, but it
cannot be performed now. The tax for 1900 has been paid and
no longer can be paid by the plaintiff. The tax was paid to the
collector by the application thereto of the proceeds of the tax
sale. There is a right to redeem this tax title, but the tax has
been paid, and the thing secured by the landlord's right of re-
entry can no longer be performed by the tenant. By the very
terms of the covenant secured by the forfeiture, any performance
of it is at an end, and that is the end of the plaintiff's applica-
tion for relief from the forfeiture in the case at bar.

Moreover if it were permissible to look behind the terms of
the covenant here in question to what might be termed its true ·
nature and substance the plaintiff would gain nothing. If you
look beyond its terms, the real substance and nature of a cove-
nant to pay taxes assessed on the demised premises is to protect
and hold harmless the landlord's estate. When the breach of
the covenant has reached the stage where the landlord's estate
has been sold to pay the taxes which the tenant should have
paid, and through the default of the tenant a paramount out-
standing title has come into existence, we have a breach of cove-
nant for which the plaintiff fails to show that compensation can
be made. It is like the breach of a covenant to insure or repair
where equity does not ordinarily grant relief against forfeiture
of the tenant's estate. *Mactier* v. *Osborn*, 146 Mass. 399, 402.
*Hill* v. *Barclay*, 16 Ves. 402, and 18 Ves. 56 (overruling Lord

Erskine's opinion in *Sanders* v. *Pope,* 12 Ves. 282, which never went to a decree, p. 294). *Reynolds* v. *Pitt,* 19 Ves. 134. *Bracebridge* v. *Buckley,* 2 Price, 200.  *Green* v. *Bridges,* 4 Sim. 96.

Lord Erskine's opinion in *Sanders* v. *Pope* was in effect that the forfeiture of a leasehold estate for breach of a collateral covenant stood on the same ground at common law as that on which the forfeiture of a bond stands under St. 8 & 9 Wm. III. c. 11, § 8, which (as Baron Parke said in *Beckham* v. *Drake,* 2 H. L. Cas. 579, 629) "in effect makes the bond a security only for the damages really sustained."

But that view did not prevail.  It is settled that in case of waste, (*Peachy* v. *Somerset,* 1 Stra. 447,) in case of a breach of a covenant to make repairs, (*Hill* v. *Barclay,* 16 Ves. 402 and 18 Ves. 56, *Bracebridge* v. *Buckley,* 2 Price, 200,) and in case of the breach of a covenant to insure, (*Reynolds* v. *Pitt,* 19 Ves. 134, *Green* v. *Bridges,* 4 Sim. 96,) it being impossible for the tenant to show affirmatively that compensation can be made, relief ordinarily will not be given.  It was this which C. Allen, J. had in mind in *Lundin* v. *Schoeffel,* 167 Mass. 465, 469, when he said of the case then before the court that it "was not like a case where the omission caused a present injury or increase of risk to the lessors, as in the case of waste, non-repair, or non-insurance."

The lack of recent cases in England is owing to the fact that relief is given by statute in case of covenants other than the covenant to pay rent.  St. 22 & 23 Vict. c. 35, § 4, authorized relief in case of the breach of a covenant to insure, and St. 44 & 45 Vict. c. 41, § 14, in case of all other covenants except the covenant to pay rent, (see clause 8 of § 14,) in which case a bill must be brought within six months from the execution putting the landlord in possession by force of St. 4 Geo. II. c. 28.  It is settled that, if a bill is brought within the time allowed for relief against a forfeiture for breach of a covenant to pay rent, the relief is given at common law.  *Howard* v. *Fanshawe,* [1895] 2 Ch. 581, 589.  *Stanhope* v. *Haworth,* 3 Times L. R. 34.  As to the purpose of St. 4 Geo. II. c. 28, see Lord Mansfield in *Doe* v. *Lewis,* Burr. 614, 619, and Wigram, V. C. in *Bowser* v. *Colby,* 1 Hare, 109, 125.

From what has been said it is apparent that we are not pre-

pared to go so far as the Court of Appeals went in its opinion in *Giles* v. *Austin*, 62 N. Y. 486, 493. The facts in that case are stated in 6 Jones & Spen. 215, and it appears that the failure to pay the taxes in that case was in fact through accident and mistake, although that was not relied on in the opinion of the court.

There is however jurisdiction to relieve against a forfeiture for breach of collateral covenants, if the breach came through accident or mistake. This was established in this Commonwealth in *Mactier* v. *Osborn*, 146 Mass. 399, following the suggestion of Lord Eldon in *Hill* v. *Barclay*, 18 Ves. 56, 62, affirmed in *Bamford* v. *Creasy*, 3 Giff. 675, 680. *Bargent* v. *Thomson*, 4 Giff. 473.

If it be assumed in favor of the plaintiff that he could have relief here on proving that it was through an accident or a mistake on his part that the non-payment of the 1900 taxes went to a sale, yet the decree in the case at bar must be affirmed. The case comes here by appeal from a decree dismissing the bill. The evidence is before us, but there is no statement of facts found or of rulings made. The decree, so far as it involves matters of fact, is to stand unless it appears by the evidence to be clearly erroneous. *Brown* v. *Brown*, 174 Mass. 197. *Dickinson* v. *Todd*, 172 Mass. 183. *Edwards Hall Co.* v. *Dresser*, 168 Mass. 136. *Lundin* v. *Schoeffel*, 167 Mass. 465. See also *Blossom* v. *Negus*, 182 Mass. 515.

It is enough that the presiding judge who saw the plaintiff on the stand may not have given credit to the excuse which he made, namely, that the sale for the 1900 tax was made earlier than usual.

We have not considered the plaintiff's argument that there was no forfeiture of the lease. We are of opinion that in a bill in equity to be relieved from a forfeiture at law it is not open to him to make the contention that there is no forfeiture at law. Such a case comes within *Pitkin* v. *Springfield*, 112 Mass. 309, in which it was held that in a petition for compensation for land taken it was not open to contend that the statute providing for the taking was unconstitutional, or that the taking was invalid. See also in this connection *Smith* v. *Valence*, 1 Rep. Ch. 90. The case of *Boston & Maine Railroad* v. *Graham*, 179 Mass. 62, stands on its special circumstances. Whether the plaintiff could

have attacked the forfeiture at law and filed this bill in case he was unsuccessful at law, (see *Moore* v. *Sanford,* 151 Mass. 285,) or must in such a case make his election in the first instance, it is not necessary to consider.

*Decree affirmed.*