THEODORE P. DARVIRRIS *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY.

Norfolk.    November 21, 1919. — February 26, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Equity Jurisdiction,* To enjoin ejectment of tenant by landlord, "He who seeks equity must do equity." *Landlord and Tenant.*

One who is occupying real estate under a lease in writing cannot maintain a suit in equity to enjoin the lessor from compelling him to vacate the premises in accordance with a condition in the lease giving the lessor a right of re-entry upon a failure of the lessee to pay rent as called for by the lease, where it appears that the plaintiff's failure to pay his rent when due was so settled a habit as to be described rightly as a general course of conduct and that the circumstances of continued delay were annoying in nature and were accompanied by frequent drawing of checks when there were no funds to meet them.

BILL IN EQUITY, filed in the Superior Court on March 31, 1919, to enjoin the defendant, whose property, numbered 1351 on Beacon Street in Brookline, the plaintiff was occupying under a lease from the defendant, from interfering with the plaintiff's occupancy and quiet enjoyment of the premises.

In the Superior Court the case was heard by *Fox,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. The judge made the following finding and ruling:

"The plaintiff had generally been slow in the payment of his rent, and had been warned by the landlord's agent that unless he paid more promptly he would have to vacate the premises. At the time of the entry, the rent for two months was in arrears. It does not seem to be a case for equitable relief. The bill is to be dismissed with costs."

A decree dismissing the bill was entered in accordance with the foregoing order; and the plaintiff appealed.

*J. W. Milne,* for the plaintiff.

*C. M. Rogerson,* for the defendant.

RUGG, C. J. The plaintiff, a tenant under a written lease for a term of three years, half expired, by this suit in equity seeks to enjoin expulsion of himself from the demised premises by his lessor, which, pursuant to a condition of the lease, has entered for non-payment of rent and given notice of intention to terminate the lease. The case was tried before a judge of the Superior Court, who found that "The plaintiff had generally been slow in the payment of his rent, and had been warned by the landlord's agent that unless he paid more promptly he would have to vacate the premises. At the time of the entry, the rent for two months was in arrears." The evidence is reported. It came chiefly from witnesses who testified orally. A careful examination shows that the finding of facts made by the judge was not only not plainly wrong but fully warranted. Therefore it must stand. The judge ruled that a case for equitable relief was not made out and entered a decree dismissing the bill. The plaintiff's appeal brings the case here.

It was said by Chief Justice Morton in *Mactier v. Osborn,* 146 Mass. 399, at page 402, "The result of the authorities, supported by sound principle, is, that where there has been a breach of a covenant to pay rent equity will relieve against a forfeiture although the breach is wilful on the part of the lessee." It further was said by Mr. Justice Loring in *Gordon v. Richardson,* 185 Mass. 492, where all the Massachusetts cases and numerous other authorities are collected, that "The ground on which a tenant gets relief in equity from the forfeiture of his estate for a failure to pay rent is that in equity the landlord's right of re-entry is given as security for the payment of the rent, and on the rent being paid the very thing is done for which the security was given.

Although the payment in that case is made after it is due, on interest being paid compensation is made for the delay in performance, and on compensation being made the plaintiff is entitled to relief."

These just principles are accepted in all their amplitude. They do not reach, however, to the case at bar. We have here a lease for a comparatively short term. The failure to pay rent when due was not once or twice, but was so settled a habit as to be rightly described as a general course of conduct. The circumstances of continued delay were annoying in nature and were accompanied by the frequent drawing of checks when there were no funds to meet them. This is not an instance of temporary financial embarrassment or fleeting wilfulness of purpose. Much less is it the result of accident or mistake. When measured by the term of the lease, it has become a custom. The state of being behindhand appears to have been not only wilful but contumacious. There is, however, no finding of bad faith.

It is a familiar maxim in equity that he who seeks equity must do equity. The plaintiff has made an express contract in writing for the payment of rent at specified times, with provision, in case of failure, for entry by the landlord. He asks equity to relieve him from the consequences stipulated in his agreement to follow from failure to perform that obligation. While in the ordinary case of delayed payment of rent that will be done, equity will not interfere in his behalf where, as in the case at bar, the plaintiff has violated fundamental principles of fair dealing.

*Decree affirmed.*