Hamilton, J.
Plaintiff brought suit for the purpose of securing relief from the declared forfeiture of a lease, executed to it by .the defendant, *228 Magdalen L. Higgy, for certain real estate in Columbus, Ohio. The premises had been formerly a large private residence and were leased by the plaintiff as its club home. The lease was for ten years, commencing September 5, 1915, and provided for the payment of rent in monthly installments in advance. The club entered into possession under the lease and continued in possession until September 5, 1918, having paid all installments of rent to that time.
It appears from the evidence that in September, 1918, nearly all of the club members had gone into the military service, and could not use the premises for the purpose for which they had been leased. Thereupon, with the consent of the lessor, Magdalen L. Higgy, they sublet the premises to the Delta Zeta sorority, by written lease for one year, under practically the same provisions and covenants as the lease to plaintiff, with the further provision that the lessor, Mrs. Higgy, defendant herein, was made the agent to receive the rent from the sorority, sublessee. It further appears that the sorority, on or about June 5, 1919, sublet the premises to Dr. S. Earl Taylor, the manager of the Methodist Centenary, which was being held at that time in Columbus, for the period of the centenary. This subletting to Dr. Taylor was without the consent of the Newman Club or Mrs. Higgy. Thereupon, the defendant declared a forfeiture of the lease made to the plaintiff club, and, on July 1, 1919, notified the president of the club, in writing, by mail, to the effect that she had terminated the lease to the club for a breach of the covenants of the lease to pay rent, not to sublet without consent, *229 and the further breach of the covenant to keep the premises in repair.
The lease is introduced in evidence and contains the covenants for the payment of monthly rentals in advance, not to sublet without consent, and to keep the premises in as good condition and repair as the same were in when- the plaintiff took possession.
The plaintiff is now in possession of the premises and asks to be relieved from the declared forfeiture, and that its title to the premises under the lease be quieted.
The sorority paid all installments of rent incurred during its term direct to Mrs. Higgy up until the installment due June 5, 1919, when, by reason of some complaint on the part of the sorority with reference to repairs to the building, that installment was not paid within the twenty days provided in the lease. It appears that Dr. Taylor, who was then occupying the premises, had received notice about that time to vacate the premises, and that he later entered into an agreement with the defendant, through the defendant’s agent, by which he was permitted to remain, and that defendant accepted rent from Dr. Taylor to July 15, 1919. The defendant or her husband, who was the agent, was informed by the sorority of the proposed subletting to Dr. Taylor and made no objection. The rent was, therefore, paid in full up to July 15, 1919, and the plaintiff now offers to pay and tenders payment of the rent in full.
We are of opinion that the plaintiff is entitled to the relief asked as against the claim of the bréach *230 o£ the covenants to pay rent within a certain time and not to sublet without written consent.'
The general rule is that forfeitures are not favored in equity, and where compensation can be fully made equity will generally relieve against a forfeiture. Equity looks upon the landlord’s right to re-entry on failure to pay rent as security for the payment of the rent, and on the rent being paid the very thing is done for which the security was given. 24 Cyc., 1364; 16 Cyc., 77, 78, and Gordon v. Richardson, 185 Mass., 492.
The failure to make objection to subletting to Dr. Taylor, the arrangement which the defendant made with Dr. Taylor, and the acceptance of the rent from him, would constitute a waiver of this covenant in the lease against subletting, especially in view of the fact that the plaintiff had no knowledge of subletting, while the defendant was in possession of all the facts, and, as above stated, accepted the rent from Dr. Taylor.
The failure to keep the premises in repair is most strongly relied upon by the defendant to support the forfeiture, and it is urged that the premises were materially damaged by reason of this breach. The evidence on the question of the failure to keep in repair, and the damage to the property by reason thereof, is widely' divergent and somewhat voluminous, and we will not enter into ■ any extended analysis of that evidence. It is clear, however, that the main damage claimed is to the hardwood floors and the wall decorations. While it is the duty of the club to keep the building in repair, with reference to these particular items, just when such repairs should be made and to what extent *231 may give rise to a difference of opinion. The club was in possession of the premises for three years without making any repairs of the things complained of, except possibly waxing the floors. Some plans were made by the plaintiff in the fall of 1917 to make these repairs, but witnesses testified that they were prevented from carrying these out by reason of the members being called into the military service of the government. There is no evidence of any complaint of abuse of the building during the occupancy of the sorority. With the consent of the defendant, the plaintiff was not in physical possession of the premises for the period of. nine months preceding the notice of forfeiture. It does not appear that the failure to make the repairs has caused any serious or permanent damage to the premises, but that the question is largely one of decoration. The testimony of contractors, witnesses for the defendant, is, that to put the floors in proper condition would require sanding and waxing, and while this repair may be expensive failure to make it would not permanently damage the property, and should the work of papering and properly treating the floors be carried out, and all the rentals be fully paid, the lessor would be fully compensated and made whole. It further appears that the plaintiff has repaired the floors and redecorated the walls at an expense of $800.
While there has been a technical breach of the covenant to keep in repair, we are of opinion that equity should and will relieve against a forfeiture under these circumstances and conditions.
A decree may be taken quieting the title of plaintiff upon the payment of all installments of rent *232 and its prompt compliance with the covenant to keep the premises in repair, and the payment of all costs in the case.

Judgment accordingly.

Shohl, P. J., and Cushing, J., concur.
Judges of the First Appellate District, sitting in place of Judges Allread, Ferneding and Kunkle, of the Second Appellate District.