ARTHUR FINKOVITCH *vs.* SADYE F. CLINE.

Suffolk.     May 17, 1920. — June 23, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Equity Jurisdiction,* To enjoin ejectment of tenant by landlord, "He who seeks equity must do equity." *Landlord and Tenant,* Ejectment for breach of covenant. *Equity Pleading and Practice,* Decree.

The lessee of the second floor apartment of a two-family dwelling house on a street in a residential section of a city, upon which all the other houses were single-family dwellings costing from $10,000 to $20,000, cannot maintain a suit in equity to restrain the lessor, who occupied the first floor of the house, from

ejecting him for breach of a covenant in the lease not to "make or suffer any unlawful, improper, noisy or otherwise offensive use" of the premises, where it appears that, upon the back piazza of the plaintiff's apartment, provision had been made for the placing of a clothes reel, that the plaintiff would not purchase a reel and that, against the expressed wish of the defendant, the plaintiff's wife persistently for months hung clothes for drying upon lines stretched upon a piazza over the front entrance to the house in full view of the neighborhood, which use of the premises a judge who heard the suit found to be a breach of the covenant which was wilful, irritating and in part at least was with intent to displease the defendant.

The judge who heard the suit above described being of opinion that the consequences of a forfeiture would be a "very severe penalty for the fault; for the lease is valuable, especially at this moment," ordered a decree restraining the defendant upon payment by the plaintiff of overdue rent and taxable costs from proceeding to eject the plaintiff for breach of covenant so long as the plaintiff refrained from using the piazza for drying or hanging out articles thereon. The defendant insisted upon her right of forfeiture. *Held,* that the defendant was entitled to have the suit dismissed with costs since equity will not afford its shield against the natural consequences of contumaciously wrongful conduct.

BILL IN EQUITY, filed in the Superior Court on August 9, 1919, by the lessee under a lease in writing of the second floor apartment of a two-family dwelling house on Howland Street in that part of Boston known as Roxbury against the lessor, who occupied the first floor apartment, to enjoin eviction.

In the Superior Court the suit was heard by *Wait,* J. Material facts found and the decree ordered by the judge are described in the opinion. The judge reported the case for determination by this court, stating in the report: "Upon the foregoing findings, the defendant contends that he is entitled to a decree dismissing the bill; but I am of the opinion that 'the consequence of a forfeiture is a very severe penalty for the fault; for the lease is valuable, especially at this moment' and that if 'equity can frame a less burdensome decree,' in accordance with equity jurisprudence and practice, a decree should issue 'restraining the defendant from proceeding to eject the plaintiff for this, so long as the plaintiff refrains from using the piazza for drying or hanging out articles thereon,' upon payment to the defendant by the plaintiff of the rent due to date of the decree and taxable costs. It is agreed by the defendant that if, upon the foregoing findings, such a decree can issue, in accordance with equity jurisprudence and practice and with sound discretion, it may be entered; and I report the case for the determination of the Supreme Judicial Court, it

being expressly stipulated that, pending determination of the case on this report and upon the continued payment by the plaintiff of the rent, which the defendant receives without prejudice or waiver, the plaintiff shall not be molested in his possession."

*E. Greenhood & F. Freundlich,* for the defendant, submitted a brief.

*H. A. Mintz,* for the plaintiff, submitted the case without brief or argument.

Rugg, C. J. This is a suit in equity whereby the plaintiff, tenant of the defendant under a written lease for a term of three years, seeks to restrain the defendant from evicting him. The answer admits the lease and sets up entry and termination of the lease for breach of condition. At the trial it appeared that, before the filing of the bill, the defendant entered for breach of covenant, forfeited the lease, and notified the plaintiff to quit. The judge took a view of the premises and upon all the evidence made the general findings that the plaintiff fails to prove his right to restrain a forfeiture, that he has broken the covenant not to "make or suffer any unlawful, improper, noisy or otherwise offensive use" of the premises, and that his default is wilful, irritating, and with intent in part at least to displease the defendant.

The house was in a residential section, "the street being fully improved on both sides with modern houses costing, with land, from $10,000 to $20,000, this house being the only one not a single-family dwelling house. The house has a front piazza on the first floor, running along the entire front of the house, and sets back about fifteen feet from the street, and the roof of the piazza constitutes the floor of a balcony for the upper apartment. This balcony has no roof, but is enclosed on three sides by a two and one half foot outside railing. The alleged breach is in the plaintiff's persistent use, in the daytime, of the front balcony, beginning months before said forfeiture and continuing up to the trial, by hanging clothes thereon for drying, upon lines stretched from the post of a piazza hammock to the front blinds or balcony railing, or both, in full view of passers-by, against the defendant's desire and protest. At the back of the house on each floor, behind the kitchen, there is a back piazza, to the outside of which, on the lower floor, the defendant has conveniently attached a portable

clothes reel on which his family hangs clothes for drying, and the same thing could have been done by the plaintiff on his floor. The defendant has furnished the plaintiff with no such reel, nor erected any reel or other conveniences for hanging clothes on the lot in the rear of the house. . . . The plaintiff's wife, with his assent, has from time to time, used the front piazza of their apartment to hang clothes upon for drying, and such use has been offensive to the defendant and to the neighborhood. She has done this because she has no convenient place for the hanging of her wash in any other place. She sent many articles to the laundries; but she and the plaintiff have been unwilling to incur the expense, slight though it is, to place a reel for drying clothing, etc. at the back of the house where one might be placed." These specific findings of fact under the circumstances warranted the general finding of breach of the covenant by the plaintiff.

The ruling of law that the lease does not make it the duty of the landlord to supply a clothes reel was right. The lease imposes no obligation of that kind.

Having made the findings of fact and ruling of law, the judge, being of opinion that the consequences of a forfeiture is a "very severe penalty for the fault; for the lease is valuable, especially at this moment," ordered a decree restraining the defendant from proceeding to eject the plaintiff for breach of covenant so long as the plaintiff refrains from using the piazza for drying or hanging out articles thereon, upon payment of overdue rent and taxable costs. The defendant insisted upon her right of forfeiture. The question is whether such a decree could be entered in accordance with equity jurisprudence and practice.

Equity grants relief to tenants against forfeiture for breach of a covenant to pay rent even though the failure to pay is wilful on the part of the lessee. That is for the reason that the right of forfeiture is given to the landlord as security for the payment of the rent and on the rent being paid with interest "the very thing is done for which the security was given." *Gordon* v. *Richardson,* 185 Mass. 492. Equity also relieves against a forfeiture where there has been a breach of a covenant, caused by accident or mistake, to perform some collateral duty such as to repair or insure, and where the lessor by compensation or otherwise can be placed in the same position as if the breach had not occurred.

*Mactier* v. *Osborn*, 146 Mass. 399. Doubtless relief will be granted in other instances where the lessee is innocent of real fault or the breach has been induced by conduct, words or unjustifiable silence on the part of the landlord, or where there are other elements which render compliance with the terms of the lease offensive to a court of conscience.

In the case at bar such circumstances are absent. The acts of the plaintiff in breach of the covenant could not fail to have an immediate effect upon the character of the neighborhood. Those acts were wilful, ostentatiously public, and against the protest of the landlord. They were of a nature calculated to exasperate and provoke the other party to the contract and to promote corrosive influences in the community. They were dictated by motives which do not commend themselves to a court of equity. A fundamental maxim of equity is that one seeking its protection must come into court with clean hands with reference to the particular matter in issue. The plaintiff fails in compliance with that maxim, and has directly violated it. According to the terms of the contract the lease has been broken. The defendant is merely asserting her legal rights. The plaintiff is asking the court to guard him against the legal consequences of his own wilful act committed in conscious violation of his agreement. Equity does not afford its shield against the natural consequences of contumaciously wrongful conduct. The circumstances do not warrant the interposition of that extraordinary relief. *Darvirris* v. *Boston Safe Deposit & Trust Co.* 235 Mass. 76.

On the facts found the bill should be dismissed with costs.

*So ordered.*