JOSEPH G. KANAKRY, d. b. a., DAMASCUS WEAVING COMPANY *vs.* SAYLES FINISHING PLANTS, INC.

JULY 6, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This is a bill in equity to reinstate a lease after respondent lessor had declared it forfeited for non-payment of rent. After hearing upon bill, answer and proof final decree was entered dismissing the bill. Complainant

has appealed from this decree on the ground that it is against the law and the evidence.

Complainant is engaged in the business of weaving silk and rayon under the trade name of Damascus Weaving Company. August 26, 1929, he leased a two-story wooden building from respondent, in which to carry on his business, for the term of five years beginning October 1, 1929, and ending September 30, 1934. He agreed to pay as rent $100 on the first business day of each month. He also agreed that, if he failed to pay the rent within fifteen days after it became due, the lessor might declare the lease at an end and take immediate possession of the demised premises.

Complainant entered into possession of the demised premises and installed therein looms and other necessary weaving equipment and carried on the weaving business.

In January, 1932, complainant was in arrears for rent. This default continued until June 10, when respondent by letter requested payment of the balance of $581.17. Complainant replied by saying he expected to pay within a short time and would pay interest at the rate of 6% on the amount due. June 15, complainant was notified by respondent that it had forfeited the lease for nonpayment of rent and that it would insist upon its lien on complainant's assets. June 17, complainant called upon respondent's treasurer and assistant treasurer and said he would pay the rent but made no legal tender of it. Respondent's officers refused to reinstate the lease and told complainant they had no authority to reinstate it upon payment of the rent because on May 27, 1932, the directors of the corporation had voted to have the buildings on the land destroyed, as soon as the leases would permit, for the reason that the maintainance of the buildings caused respondent a loss of $6,200 a year. It appears that at the time this vote was passed there were eight tenants in other buildings on respondent's land. These tenants were notified of respondent's intention to destroy the buildings occupied by them on the expiration of their leases.

Complainant contends that the court erred in refusing to order a reinstatement of the lease on the facts and circumstances appearing in evidence. He argues that, although respondent had the right to declare a forfeiture of the lease, it had no right to refuse to reinstate it upon his offer to pay the rent. He claims it is well settled that a court of equity will relieve a lessee from a forfeiture of his lease for non-payment of rent at the time specified. 21 C. J. 100; 10 R. C. L. 334.

The relief sought by complainant is not a matter of right.

Some facts must be shown which would render it inequitable to permit the lessor to enforce his legal rights. The provision in a lease for a term of years for forfeiture for nonpayment of rent is valid and enforceable (16 R. C. L. 1126) and equity will not relieve against a plain violation of a contract without any circumstances of justification or excuse. 21 C. J. 103. *Bonfils* v. *Ledoux*, 16 A. L. R. 430, note 447. In *Dwelly* v. *Rocklin*, 47 R. I. 327, this court held that in the absence of fraud in a respondent or some act on his part which has prevented the seasonable doing of the act required, or in the absence of accident or mistake which has prevented the performance by complainant of the act required within the time specified in the contract, a court of equity would not grant relief against a forfeiture. In *Darvirris* v. *Boston Safe Deposit & Trust Co.*, 235 Mass. 76, it appeared that it was a habit on the part of the lessee not to pay his rent after notice from the lessor to pay it as required by the lease, and it was held that relief would not be granted to the lessee after the lessor finally declared the lease forfeited for nonpayment of rent.

The evidence proves that complainant defaulted on his monthly payments of rent, after repeated demands by respondent for the same, before it declared the lease forfeited.

Complainant alleged he would sustain an irreparable loss it he was obliged to move. He introduced no evidence to sustain this allegation.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings. ,

*Thomas P. Corcoran, Charles E. Mangan,* for complainant.
*William H. Edwards, Edward Winsor, Edwards & Angell,* for respondent.