DAVIS & O'CONNOR CO. *vs.* SHELL OIL COMPANY, INCORPORATED.

Suffolk. February 3, 1942. — April 4, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Equity Pleading and Practice,* Decree, Appeal, Waiver. *Equity Jurisdiction,* Forfeiture, One seeking equity must do equity. *Words,* "Transaction."

Upon an appellant's contention, a provision of a final decree in a suit in equity which was unwarranted by anything in the record was struck out although seemingly favorable to the appellant.

A material document not incorporated in the record could not be considered on an appeal in a suit in equity although a purported copy of it was printed in the appellant's brief.

The plaintiff in a suit in equity, by proceeding to trial without answering the defendant's counterclaim, waived any objection thereto on the ground of want of equity.

A lessee, who in a bill in equity averred that he was in arrears in his rent and that the lessor, the defendant, had declared the lease terminated accordingly, and who sought a determination of the amount of the arrears, and that, upon his paying that amount, the termination be avoided, could not complain of a provision of the final decree, based on a counterclaim by the defendant and following provisions giving the plaintiff the relief he sought, to the effect that if he failed within a specified time to pay the arrears found due he should surrender possession of the premises to the defendant and should not thereafter interfere with the defendant's use and enjoyment thereof.

BILL IN EQUITY, filed in the Superior Court on March 25, 1941.

The final decree was entered by order of *Morton,* J.

*E. J. Davis,* for the plaintiff.

*F. E. Allison,* for the defendant.

Cox, J. The plaintiff is the admitted owner of a parcel of real estate in Boston. Allegations of its bill are that it leased the premises to the defendant and that, as a part of the same transaction, the defendant sublet them to the plaintiff; that the sublease contains "a covenant . . . against nonpayment of . . . rent" and a provision that upon failure to pay, the defendant is entitled to terminate the entire estate of the plaintiff in said sublease; that the plaintiff owes the defendant for rent and that the latter has declared the sublease terminated for alleged nonpayment of rent. There is a further allegation that the defendant has commenced an action of summary process. (See G. L. [Ter. Ed.] c. 239, § 1.) There are prayers for an accounting of the sums due for rent, that the amount due the defendant be determined, and that upon payment of the amount found due, "the defendant's termination of said sub-lease for said non-payment be declared void . . . ." The defendant answered that it was willing, upon payment to it by the plaintiff of all sums due under the provisions of the sublease, that its termination be declared void. The answer further alleged that the defendant will be hampered, delayed and obstructed in the payment of the sums found due and in obtaining possession of the premises unless relief is afforded, and there is a prayer that the plaintiff be ordered to pay said amount, and further, unless it pays, that it be ordered to surrender possession of the premises to the defendant and be enjoined from interfering with the latter's use and enjoyment of them.

The suit was referred to a master, whose report recites that by the order of reference he was directed to take account of all sums due the defendant under the sublease. He found the sums due, and a final decree was entered ordering the plaintiff to pay the defendant the amounts so found due with interest and costs. The decree also provided that if the plaintiff shall pay said amounts within twenty-one days from the date of decree, the defendant's termination of the sublease shall be void, and the defendant "shall discharge of record the possession taken by . . . [it] of the premises described . . . but if the plaintiff does

not pay said amounts within the time limited by the Court . . ., the plaintiff shall at the expiration of said period [twenty-one days] surrender possession of said premises to the defendant and be enjoined from in any way interfering thereafter with the defendant's use and enjoyment of said premises under its lease . . . ."   The plaintiff appealed. The evidence is not reported, and there is no finding of facts by the trial judge.   The master properly confined himself to the order of reference and made no findings whatever as to the allegation in the bill that the defendant had declared the sublease terminated for nonpayment of rent.   This allegation, however, was admitted by the defendant.

The plaintiff contends that the final decree should not have required the defendant to "discharge of record the possession taken by" it.   This provision would seem to be favorable to the plaintiff unless, in the event that it should not comply with the decree by payment of the amounts found due, the question whether the sublease had been terminated would then be left for further litigation.   Nevertheless, we are unable to find anything in the record that warrants the insertion in the decree of this quoted clause and are of opinion that it should not have been included.   See *Morin* v. *Clark*, 296 Mass. 479, 487.

The plaintiff further contends that the decree should not have contained the order that, if it does not pay the amounts found due, it shall surrender possession of the premises to the defendant and be enjoined from interfering with the latter's use and enjoyment of them.   It bases this contention, in part, upon the terms of the sublease as to the time when the lessor may enter for nonpayment of rent.   It appears from the master's report that the sublease was in evidence before him, but it is not incorporated in the record before us.   The plaintiff has printed what purports to be a copy of it in its brief, but in accordance with the well established rule, it cannot be given any consideration in the decision of the questions that are presented by the record. *Gorey* v. *Guarente*, 303 Mass. 569, 570, 571.

The bill plainly alleges that nonpayment of rent entitled

the defendant to terminate the plaintiff's estate in the sublease. It alleges that there is an amount due the defendant for rental and that the defendant has declared the sublease terminated for alleged nonpayment of rent. It is true that there is also an allegation that the defendant has commenced a summary process, and the plaintiff contends that the bill is directed against this action. The bill, however, seeks to prevent a forfeiture of the sublease and prays that "the defendant's termination of said sub-lease for said non-payment be declared void and that said sub-lease be declared as being efficacious and in full effect." We are of opinion that the bill looks not only to the action of summary process, but also to the fact that the sublease has been terminated. It was held in *Gordon* v. *Richardson*, 185 Mass. 492, 495, that in a bill in equity to be relieved from a forfeiture at law, it is not open to the plaintiff to make a contention that there is no forfeiture. The plaintiff in the case at bar has come into a court of equity alleging that it has not kept a covenant in its sublease. It also says that the defendant has declared that sublease terminated because of its failure to keep that covenant, and it describes the irreparable damage that would follow a "termination" of its estate. The object of summary process is to restore possession. *Warren* v. *James*, 130 Mass. 540, 541. See *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 51, 53, 54. It is assumed that, in order to terminate the sublease, the defendant was required to make an entry. *Markey* v. *Smith*, 301 Mass. 64, 71, 72, and cases cited. Although the bill prays for an accounting, it is a bill for an accounting and appropriate orders with reference to the plaintiff's rights under its sublease. The plaintiff is actually seeking to retain its rights as a sublessee, although it has failed to pay the stipulated rent. The decree properly ordered the plaintiff to pay the amounts found due (see *Wilde* v. *Sawtelle*, 232 Mass. 117, 123; *Zevitas* v. *Adams*, 276 Mass. 307, 316), and the trial court has decreed that if it pays the defendant's termination of the sublease shall be void. It is for this that the plaintiff prayed, and it makes no objection to this part of the decree. See *Darvirris* v. *Boston Safe Deposit & Trust Co.* 235 Mass.

76. The plaintiff, however, seeks to avoid the forfeiture, and the defendant has answered that it is willing that it may be avoided if the plaintiff will do what it has offered to do, that is, to pay what it owes. The plaintiff in equity must do equity, although in the ordinary case, where nothing more appears than that rent has not been paid and the lessee seeks to avoid a forfeiture of his lease for that reason, the equity that he must do in order to obtain relief is to pay the rent. See *Darvirris* v. *Boston Safe Deposit & Trust Co.* 235 Mass. 76, 78.

Rule 32 of the Superior Court (1932) provides, among other things, that in equity cases the answer may set up any counterclaim of a legal nature, against any one or more of the parties, arising out of the transaction that is the subject matter of the suit. The word "transaction" in this rule should be construed in a sense "to effectuate the settlement in one proceeding of controversies so closely connected as appropriately to be combined in one trial in order to prevent duplication of testimony, to avoid unnecessary expense to the parties and to the public, and to expedite the adjudication of suits. It has been said that in 'a general sense, a transaction is where both causes of action proceed from the same wrong.'" *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 608. No answer, as required by Rule 26 of the Superior Court (1932), was filed to the alleged counterclaim in the case at bar. Although it does not appear in the record before us that any copy of the counterclaim was sent to the plaintiff, as required by Rule 21, nevertheless we are of opinion that, in the circumstances, the plaintiff must be held to have waived any objection that it may have had to the counterclaim based on the ground of want of equity. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 609. We assume that the order of reference to the master was for a limited purpose only. Other questions arising upon the pleadings were for the determination of the court, and we think that enough appears to warrant our conclusion as to waiver. See *Royal Indemnity Co.* v. *Perry*, 296 Mass. 149, 153.

We are of opinion that the plaintiff cannot be heard to complain of so much of the decree as says, in effect, that if

it does not comply with the order for which it asks, its rights under the sublease are to stand as terminated. See *Rolfe v. Clarke,* 224 Mass. 407, 412–413; *Tramonte v. Colarusso,* 256 Mass. 299, 300. The decree, as modified in accordance with this opinion, is affirmed with costs.

*Ordered accordingly.*