SHELL OIL·COMPANY, INCORPORATED, *vs.* DAVIS & O'CONNOR CO.

Suffolk.    October 2, 1944. — December 28, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Landlord and Tenant*, Termination of tenancy. *Practice, Civil*, Ordering verdict. *Evidence*, Presumptions and burden of proof.

It was error to order a verdict for the plaintiff in an action of summary process to recover possession of a filling station leased by the plaintiff to· the defendant under a lease giving the plaintiff the right to enter for nonpayment of rent after ninety days, where there was merely uncontradicted evidence for the plaintiff that overdue rent had remained unpaid for more than ninety days before he made an entry on a March 7 and a concession by the defendant that no rent had been paid after a closing of the station "sometime in December" of the previous year.

SUMMARY PROCESS. Writ in the Municipal Court of the Brighton District of the City of Boston dated March 7, 1941.

Upon appeal to the Superior Court, the action was tried before *Hammond*, J. It was stated in the bill of exceptions:

"At a conference at the bench, the attorney of record for the defendant was asked to state for the record, whether or not there is any dispute as to the fact that the parties have not been running the place since sometime in December, 1940, and it was answered 'that is correct,' that there is no such dispute; and that there is no contention that the defendant paid no rent after the place was closed." A witness for the plaintiff testified that on November 1, 1940, rent in the sum of $523.40 was due and that no payment was made on account thereof "between the period from November 1, 1940, to March 1 — to March 7, 1941."

*E. J. Davis*, for the defendant.

*F. E. Allison*, for the plaintiff.

LUMMUS, J. This action of summary process to recover possession of land, under G. L. (Ter. Ed.) c. 239, was begun in a District Court by writ dated March 7, 1941. The premises consisted of a gasoline filling station in that part of Boston called Brighton. On appeal to the Superior Court, the case was tried to a jury.

The defendant held the premises under a written lease from the plaintiff, dated July 27, 1939, which was to run until some time in 1949. The tenancy began on November 28, 1939. The rent was one cent a gallon for all gasoline delivered on the premises, payable monthly on the fifteenth day of each month, with a minimum rent of $125 a month. By a supplemental agreement, dated November 28, 1939, the rent was somewhat increased. Payment of rent as agreed was made a condition of the lease, and a right was given the lessor to enter for nonpayment of rent after ninety days.

At the trial there was evidence for the plaintiff as to the amount due as rent when the plaintiff made an open, peaceable and unopposed entry upon the premises on March 7, 1941, and as to the length of time that that rent had been due. Some of that evidence was admitted over the exceptions of the defendant, but those exceptions need not be considered. The defendant conceded at the trial that the filling station closed "sometime in December, 1940," and that thereafter no rent was paid. But there

was no concession that any rent had remained unpaid for ninety days before the entry.

Over the exception of the defendant, the judge ordered a verdict for the plaintiff.

The jury had a right to disbelieve the evidence for the plaintiff, though it was uncontradicted. The concession of the defendant did not go far enough to make out the plaintiff's case. Consequently the direction of a verdict for the plaintiff was error. We need not consider the effect in equity of the payment by the defendant of the rent found due from it to the plaintiff in the case of *Davis & O'Connor Co.* v. *Shell Oil Co. Inc.* 311 Mass. 401. In this case we are dealing only with the legal, not the equitable, rights of the parties.

*Exceptions sustained.*