FRANCES PAEFF *vs.* HAWKINS-WASHINGTON REALTY CO.,
INC., & others.

Suffolk.    March 6, May 1, 1946. — July 11, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Landlord and Tenant,* Forfeiture of lease, Termination of lease, Waiver of
breach.  *Waiver.  Equity Jurisdiction,* Forfeiture.

A lessor's acceptance of rent without reservation and with full knowledge
of the occupation of the leased premises by a third person under an
"arrangement" with the lessee warranted a finding that the lessor
waived any breach of a covenant against underletting.

Waiver by a lessor of breaches of the lease through the lessee's failure to
carry certain insurance and to pay the water bills for the leased premises
was not established where, although the lessor accepted rent during
the continuance of the breaches, he did so without knowledge that
the insurance was not being carried and upon the lessee's making a
promise, which he did not keep, to pay the water bills.

Mere inadvertence on the part of a lessee in committing breaches of the
lease for which the lessor in good faith made an entry and took posses-
sion to terminate the leasehold did not entitle the lessee to relief in
equity by reinstatement of the lease where it appeared that immedi-
ately after the entry the lessor had executed a new lease of the prem-
ises to a third person to whom he would be liable on the implied
covenant for quiet enjoyment therein if the former lease were rein-
stated, and it did not appear that either the lessor or the new lessee
knew that the former lessee's breaches were inadvertent or excusable.

BILL IN EQUITY, filed in the Superior Court on July 11,
1944.

The suit was heard by *Cabot,* J.

It appeared from the evidence and the judge's findings
that the "arrangement" mentioned in the opinion was
made with the defendant Finley and that he, through his
corporation, the defendant Finley Wood Products, Inc.,
occupied the leased premises under such "arrangement."

*Lee M. Friedman & F. L. Kozol,* for the defendant Finley
Wood Products, Inc., and another; and *E. A. Cheney,* for
the defendant Hawkins-Washington Realty Co., Inc., sub-
mitted a brief.

*M. Caro,* for the plaintiff.

QUA, J. The defendants appeal from a final decree granting relief to the plaintiff against forfeiture for breach of condition of two leases on adjoining premises in Somerville. The evidence is reported.

On June 29, 1944, the plaintiff was the holder of the leases, in which the defendant Hawkins-Washington Realty Co., Inc., hereinafter called the realty company, was the lessor. The premises were actually occupied by the defendant Finley Wood Products, Inc., as a wood working establishment. This defendant had been incorporated at the instance of the individual defendant Finley, who was its president and treasurer. Finley Wood Products, Inc., had been paying to the plaintiff monthly a sum substantially greater than the total monthly rent under the leases held by the plaintiff. These payments were to be made until certain pending litigation involving the machinery and personal property on the premises should be terminated. The defendants contend that these monthly payments were rent; that Finley Wood Products, Inc., was a subtenant of the plaintiff; and that the subletting of the premises by the plaintiff to Finley Wood Products, Inc., was a breach of the covenants against underletting contained in the leases which the plaintiff held from the realty company. The plaintiff contends that Finley Wood Products, Inc., was not a subtenant but was a tenant at sufferance only, or a mere trespasser, and that the sums payable monthly by it to the plaintiff were paid for "use and occupation" under an "arrangement" between the parties which did not constitute a subtenancy. It is unnecessary to resolve this controversy, since the judge justifiably found that the realty company had waived any breach of the covenants against underletting by accepting from the plaintiff, with knowledge of the facts and without reservation, rent accruing thereafter. *Nelson Theatre Co.* v. *Nelson*, 216 Mass. 30, 34. *Saxeney* v. *Panis*, 239 Mass. 207, 210.

The plaintiff had, however, before June 29, 1944, committed breaches of other covenants of the leases by failing to carry boiler insurance since December 30, 1943, and by allowing unpaid water bills to accumulate since the last

quarter of 1942, amounting in all to $431.48. The plaintiff has never paid any part of this sum either to the city or to the realty company. These breaches continued, and the acceptance of rent did not necessarily waive the right of entry for breaches continuing thereafter. *London* v. *Tebo*, 246 Mass. 360, 362–363. *Vintaloro* v. *Pappas*, 310 Ill. 115, 118. *Central Union Trust Co.* v. *Blank*, 168 Minn. 312, 315–316. Tiffany on Real Property (3d ed.) § 207, page 346. Moreover, there was no evidence that the realty company knew when it accepted the rent that the boiler insurance had not been furnished, and it was then orally agreed that the water bills should be promptly paid — an agreement which the plaintiff did not keep. We conclude that waiver of these breaches is not established. The leases contained conditions permitting entry and termination of the leases by the lessor for breach of any of the covenants. Accordingly, on June 29, 1944, the realty company entered upon the premises and took possession for breach of covenants of the leases, and on July 1 leased the premises to the defendant Finley at a monthly rental equal to the sums which Finley's corporation had previously been paying to the plaintiff. The corporation continued in actual occupancy. The bill in this suit was filed July 11.

The judge found that the breach of covenant in failing to carry boiler insurance was due to an oversight; that the insurance agent had been instructed to renew the policy; that this was not done; that the plaintiff did not discover the omission until August; and that the realty company suffered no injury thereby. He found that the evidence was not clear as to why the plaintiff had failed to pay the water bills; that her failure was not wilful; that upon discovering that these bills had not been paid she immediately took up the matter with the realty company and offered to reimburse the company; and that the failure to pay the water bills was not intentional on the part of the plaintiff. If we assume that these findings are supported by the evidence, nevertheless it remains true that as early as some time in May, weeks before the entry, the plaintiff, through her husband as her agent, knew of the unpaid water bills and has

never yet paid them. Both breaches of covenant continued and had not been remedied at the time of the entry.

The trial judge was of opinion that the realty company should not be allowed to terminate the leases for these breaches, and that equity would intervene to prevent the forfeiture. *Atkins* v. *Chilson*, 11 Met. 112. But whether equity should intervene must in this case be decided in the light of the additional circumstance that the realty company has changed its position by giving the new lease to Finley. At law the realty company had a perfect right to enter and to terminate the plaintiff's leases and thereupon to give the new lease. There is nothing to show that either the realty company or Finley had any knowledge that the plaintiff's breaches were inadvertent or such that some court of equity would hold them excusable. The plaintiff's "offer," or rather promise, to pay the water bills, not followed by any affirmative action at any time, while the shutting off of the water remained imminent because of the accumulation of nearly two years' bills, would hardly serve to notify the realty company that the failure to pay was inadvertent or accidental. So far as appears the realty company acted in entire good faith in accordance with its legal rights. It may not have been displeased at the prospect of eliminating the plaintiff's leases and securing the larger rent for itself, but this is immaterial. It has now assumed contractual obligations in connection with its new lease to Finley. If the plaintiff's leases were restored and the plaintiff herself were to take possession, the realty company would be liable to Finley on the implied covenant of quiet enjoyment in the new lease from the realty company to Finley. See *Foster* v. *Peyser*, 9 Cush. 242, 246; *Duncklee* v. *Webber*, 151 Mass. 408; *William A. Doe Co.* v. *Boston*, 262 Mass. 458, 460–461; *H. W. Robinson Carpet Co.* v. *Fletcher*, 315 Mass. 350, 353; *Tinkham* v. *Wind*, 319 *Mass.* 158, 159; *Holbrook* v. *Young*, 108 Mass. 83; *Casassa* v. *Smith*, 206 Mass. 69. If the plaintiff were to allow Finley to remain in possession under the alleged "arrangement" at the same rental, the "arrangement" would expire at least as soon as the litigation above mentioned comes to an end. If the "arrange-

ment" created a subtenancy, it was a tenancy at will only. G. L. (Ter. Ed.) c. 183, § 3. In any event Finley would be at the plaintiff's mercy. Recourse by Finley to an action against the realty company on the new lease would seem not improbable, and we see no way in which the realty company could be protected against it. It may be that Finley, who has bought only the right of possession for each month upon paying rent for that month, is not a purchaser for value. See Tiffany, Landlord & Tenant, § 72, page 409; *Wenz v. Pastene,* 209 Mass. 359, 362–363; *Coastal Transit Co.* v. *Springfield Bus Terminal, Inc.* 302 Mass. 513, 518–519. While because of this Finley might be obliged to give up the land in deference to any equitable rights of the plaintiff, Finley's contract rights against the realty company would remain unaffected. The plaintiff is seeking the special grace of equitable relief against the defendant realty company, which by merely exercising its legal rights upon the plaintiff's breach has come into a position where it may suffer serious loss if the plaintiff's prayer is granted. We think that a court of equity ought not to aid the plaintiff in a case like this. Although there are, doubtless, exceptional instances, it should in general be a condition of equitable relief against forfeiture of a lease for breach of condition thereof that "the lessor can by compensation or otherwise be placed in the same condition as if the breach had not occurred." *Mactier v. Osborn,* 146 Mass. 399, 402. *Lundin v. Schoeffel,* 167 Mass. 465, 469. *Finkovitch v. Cline,* 236 Mass. 196, 199. *Kaplan v. Flynn,* 255 Mass. 127, 131. No unjust or unreasonable hardship should be imposed upon him. *Eno Systems, Inc.* v. *Eno,* 311 Mass. 334, 338. *People's Bank v. Mitchell,* 73 N. Y. 406, 415. *Dorrington v. Jackson,* 1 Vern. 449. See *Darvirris v. Boston Safe Deposit & Trust Co.* 235 Mass. 76.

The final decree is reversed, and a new final decree is to be entered dismissing the bill with costs. An appeal by the defendant Finley Wood Products, Inc., from an interlocutory decree denying its motion that the case be reopened for further evidence has become immaterial and is dismissed.

*So ordered.*